IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CURTIS PEOPLES | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv600 |
| T.C. OUTLAW | § | |

### MEMORANDUM OPINION

Petitioner Curtis Peoples, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Factual Background

In 2000, petitioner was convicted of aiding and abetting the murder of a federal witness in the United States District Court for the Western District of Missouri. He was sentenced to life imprisonment.

On June 2, 2001, while petitioner was at the federal prison in Lompoc, California, he was presented with a disciplinary report charging him with possessing a weapon and committing assault. Following a disciplinary hearing held on June 7, 2001, petitioner was convicted of the offenses charged. He was sentenced to 60 days in disciplinary segregation. In addition,

80 days of good conduct time were disallowed and a disciplinary transfer was recommended.

On May 18, 2001, the United States Court of Appeals for the Eighth Circuit issued an opinion reversing petitioner's conviction and remanding the case for a new trial. *United States v. Peoples*, 250 F.3d 630 (8th Cir. 2001). On July 19, 2001, petitioner was released to the custody of the United States Marshals Service pursuant to a writ of habeas corpus *ad prosequendum*.

On December 21, 2004, petitioner entered a plea of guilty. On September 13, 2005, the trial court entered a Judgment in a Criminal Case sentencing petitioner to 240 months confinement. On December 29, 2005, an order was entered reducing petitioner's sentence to 150 months confinement. Petitioner was subsequently returned to the custody of the Bureau of Prisons and sent to the United States Penitentiary in Beaumont.

## Standard of Review

Prison inmates who lose good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). *See Henson v. U.S. Bureau*

*of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction complained of, he was thus entitled to: (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support petitioner's conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1983). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "Federal Courts will not review the sufficiency of the evidence

at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986) (citation omitted).

## Analysis

*Application*

Petitioner does not allege he failed to receive any of the procedural protections to which he was entitled under *Wolff*. Nor does he state there was insufficient evidence to support the conviction. Instead, petitioner asserts he should not be deprived of 80 days of good conduct time because his disciplinary conviction did not occur during his current sentence, which he states began in September, 2005, when he was resentenced.

The court is of the opinion petitioner's contention is without merit. Petitioner has cited no case authority for the proposition that good conduct time forfeited during an initial incarceration must automatically be restored if an inmate's conviction is subsequently reinstated. Moreover, petitioner's theory would result in him receiving an unjust windfall. attachment 4 to Exhibit C to the respondent's answer demonstrates that the Bureau of Prisons is crediting petitioner with good conduct time from the date of his initial incarceration in 1998.

As a result, petitioner earned approximately 324 days of good conduct time (less the 80 days which were disallowed as a result of the disciplinary conviction) between the date of his initial incarceration and the date on which he was returned to the Bureau's custody after he was resentenced.  Petitioner does not object to this award of good conduct time.  To permit petitioner to retain the good conduct time granted *and* not allow the 80 days to be deducted would not be appropriate and is not required.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit.  A final judgment shall be entered denying the petition.

**SIGNED** this the **19** day of **December, 2007.**

Thad Heartfield
United States District Judge